IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOMINGO NIETO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CASDAN INC. d/b/a BACINO'S OF | ) | Judge |
| CHICAGO, BACINO'S OF LAGRANGE, | ) | |
| INC., and LINDA BACIN, individually, | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Domingo Nieto, through his attorneys, for his Complaint against Defendants Casdan Inc. d/b/a Bacino's of Chicago, Bacino's of LaGrange, Inc., and Linda Bacin, individually, states as follows:

### INTRODUCTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for 1) Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and the IMWL, and 2) Defendants' failure to pay Plaintiff earned wages for all hours worked in violation of the IWPCA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

**A. Plaintiff**

4. During the course of his employment, Plaintiff:

    a. has handled goods that move in interstate commerce;

    b. was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS 115/2; and

    c. resides in and is domiciled in this judicial district.

**B. Defendants**

5. Within the relevant time period, Defendants have done business as Bacino's at two locations within this judicial district.

6. Within the relevant time period, Defendants have operated their two Bacino's restaurants as a joint enterprise. For example,

    a. Bacino's restaurants share common principal officers;

    b. Bacino's restaurants use common human resources to administer the two restaurants it operates; and

    c. Bacino's restaurants operate their two locations under a common business purpose.

7. Within the relevant time period, Defendant Casdan Inc. d/b/a Bacino's of Chicago:

    a. has been a corporation organized under the laws of the State of Illinois;

      b. has conducted business in Illinois and within this judicial district;

      c. has done business as Bacino's of Chicago within this judicial district;

      d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

      e. has had two (2) or more employees who have handled goods that moved in interstate commerce;

      f. was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

8. Within the relevant time period, Defendant Bacino's of LaGrange, Inc.:

      a. had been a corporation organized under the laws of the State of Illinois;

      b. had conducted business in Illinois and within this judicial district;

      c. has done business as Bacino's of LaGrange within this judicial district;

      d. had been an "enterprise" as defined by in Section 3(r)(l) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

      e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

      f. was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

9. Within the relevant time period, Defendant Linda Bacin:

    a.    has been the owner and operator of Defendants Casdan Inc. and Bacino's of LaGrange, Inc.;

    b.    among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.    operates within this judicial district and within the state of Illinois; and

    d.    was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS 115/2.

## FACTUAL BACKGROUND

10. Defendant Linda Bacin owns and operates two (2) Bacino's restaurants, located at 75 East Wacker Drive, Chicago, Illinois ("Bacino's of Chicago"), and 36 South LaGrange Road, LaGrange, Illinois ("Bacino's of LaGrange").

11. Since approximately October 2010 until approximately January 27, 2016, Plaintiff was employed by Defendants to work at one or more of the Defendant's restaurants, including Bacino's of Chicago and Bacino's of LaGrange.

12. Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but paid him at a straight time rate for all hours worked and did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks. For example:

4

      a.   Plaintiff was directed by Defendants to work at more than one of the restaurants operated by Defendants within the same work week, but paid Plaintiff in separate checks for hours worked at each individual restaurant at the straight time rate.

13.    Within the three (3) years prior to Plaintiff filing this Complaint, Defendants failed to pay Plaintiff at one and a half time his regular rate of pay for all hours worked in excess of forty (40) in individual work weeks at Bacino's of Chicago and Bacino's of LaGrange.

14.    Defendants' failure to compensate Plaintiff at time and a half his regular rate resulted in violations of the overtime requirements of the FLSA and the IMWL.

15.    For approximately his last four (4) weeks of employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked at his agreed-upon hourly rate.

16.    Defendants' failure to compensate Plaintiff at the agreed-upon hourly rate for any of his hours worked, as described above, resulted in violations of the IWPCA.

## COUNT I
### Violation of the FLSA – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 16 as though set forth herein.

17.    This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraph 11-14, *supra*.

18.    Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

19.    Plaintiff was not exempt from the overtime provisions of the FLSA.

20. Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

21. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

22. Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

23. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT II
### Violation of the IMWL – Overtime Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 23 as though set forth herein.

24. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraph 11-14, *supra*.

25. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

26. Plaintiff was not exempt from the overtime provisions of the IMWL.

27. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

28. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

29. Defendants' failure to pay Plaintiff overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

30. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks as provided by the IMWL;

B. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the IWPCA – Unpaid Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 30 as though set forth herein.

31. This Count arises from Defendants' violation of the IWPCA for Defendants' failure to pay Plaintiff his earned wages for all time worked at the rate agreed to by the parties, as described more fully in paragraphs 15-16, *supra.*

32. During the course of Plaintiff's employment with Defendants, the parties had an agreement that Defendants would compensate Plaintiff at the agreed-upon rate for all time worked.

33. Defendants did not compensate Plaintiff at the agreed-upon rate for all time worked.

34. Pursuant to the IWPCA, Plaintiff was entitled to be paid for all time worked at the rate agreed-upon by the parties.

35. Defendants' failure to compensate Plaintiff for all time worked at the rate agreed-upon by the parties violated the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid earned wages for all time worked by Plaintiff as provided by the IWPCA;
B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 115/12(a);
C. That the Court declare that Defendants have violated the IWPCA;
D. That the Court enjoin Defendants from violating the IWPCA;
E. Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 115/14(a); and
F. Such other and further relief as this Court deems appropriate and just.

                                                                                                     Respectfully submitted,

Dated: June 6, 2016                                                s/Lydia Colunga-Merchant
                                                                               Lydia Colunga-Merchant
                                                                               Yolanda Carrillo
                                                                               Raise the Floor Alliance – Legal Dept.
                                                                               1 N. LaSalle, Suite 1275
                                                                               Chicago, Illinois 60602
                                                                               (312) 795-9115

                                                                               Attorneys for Plaintiff